## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANGE RESOURCES – APPALACHIA, LLC, | ) ) ) | |
| **Plaintiff,** | ) | |
| v. | ) ) | Civil Action No. |
| BLAINE TOWNSHIP, | ) ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES the Plaintiff, Range Resources – Appalachia LLC ("Range"), by and through its undersigned attorneys and files the following Complaint for Declaratory and Injunctive Relief.

## I.   PARTIES

1.     Plaintiff Range is a Limited Liability Corporation, registered to do business within the Commonwealth, and with a place of business at 380 Southpointe Boulevard, Canonsburg, Pennsylvania 15317.

2.     Blaine Township ("the Township") is a Second Class Township located in Washington County and is governed by and must operate under the laws of the Commonwealth of Pennsylvania.

## II.   VENUE AND JURISDICTION

3.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

4.     Venue is proper because the events giving rise to Range's claims occurred and are occurring in the Western District of Pennsylvania.

5.      Venue is also proper because the Township is located within the Western District of Pennsylvania.

## III.    FACTUAL BACKGROUND

### A.     General Introduction

6.      Range is the owner of oil and natural gas leasehold interests located within the Township and through those leasehold interests has a legal property interest in over 2,500 acres of property within the Township.

7.      Range has applied for and been granted permits from, the Pennsylvania Department of Environmental Protection to develop Range's natural gas leases within the Township.

8.      The Blaine Township Board of Supervisors (the "Board") is an elected supervisory board responsible for enacting ordinances on behalf of the Township that are not inconsistent with or restrained by the Constitution and laws of the Commonwealth of Pennsylvania pursuant to the Pennsylvania Second Class Township Code, Act of May 1, 1933, P.L. 103 § 1509, *as reenacted and amended by* Act No. 195-60, § 1, 53 P.S. § 66506.

9.      The Township has enacted two ordinances and a resolution (collectively, the "Ordinances and Resolution"), which purport to unlawfully regulate and restrict Range's development of its oil and natural gas lease interests within the Township and thereby deprive Range of its legal rights to develop its leasehold interests.

### B.     Ordinance No. O-002-2008: Corporate Disclosure Ordinance

10.     On April 21, 2008, the Board enacted Ordinance No. O-002-2008, which is captioned "An Ordinance to Protect the Health, Safety, and General Welfare of the Citizens and Natural Environment of Blaine Township by Requiring Corporations Doing Business in Blaine Township to Disclose that Business; By Prohibiting Corporations with a Consistent History of

Violating the Law from Doing Business Within the Township; and By Providing for Enforcement of that Ordinance." A copy of Ordinance No. 0-002-2008 is attached as Exhibit 1.

11.     The Township named Ordinance No. 0-002-2008 the "Blaine Township Corporate Disclosure and Environmental Protection Ordinance." (hereinafter referred to as the "Corporate Disclosure Ordinance").

12.     The stated purposes of the Corporate Disclosure Ordinance are to protect the health, safety and welfare of Blaine Township residents by ensuring (a) "that the Township is informed about the nature of business being conducted by corporations within the municipality; and to guarantee that corporations doing business or planning on doing business within Blaine Township are aware of all applicable taxes and do not have a history of consistent violations of law, and that the corporations' Principal Owners do not have a history of violating the law;" and (b) "that the director or officers of corporations doing business or planning to do business in Blaine Township do not serve as officers or directors for other corporations that have a history of violating the law." *See* Exhibit 1 § 3.

13.     The Corporate Disclosure Ordinance provides that the "Township Board of Supervisors finds it necessary to adopt this Ordinance because it finds that corporations – and those managing corporations – which possess a consistent history of violating the law, pose a threat to the health, safety, and welfare of the residents of the Township." *See* Exhibit 1 § 3.

14.     The Corporate Disclosure Ordinance contains a "Statement of Law" which provides that "All corporations doing business within the Township of Blaine shall submit to the Blaine Township Supervisors a disclosure application form a minimum of sixty (60) days prior to the commencement of any activity, or if activity has commenced prior to the adoption of this Ordinance, within sixty (60) days of the adoption of this Ordinance.." *See* Exhibit 1 § 5.

15.     A corporation is prohibited from conducting activities at the location covered by the disclosure application until the form is submitted, "taxes or fees paid" and the form is accepted as complete by the Board of Supervisors.  *See* Exhibit 1 § 5.2.

16.     The disclosure application form is required to include:

    a.    "details that describe the nature and extent of the business pursued, or to be pursued, within the municipality by that corporation, with such particularity to enable the Supervisors and residents of Blaine Township to understand the effect and impact of the business";

    b.    "a statement detailing which State Routes and Township roads will be used for that business and the impact upon those roads";

    c.    a statement of "the anticipated hours of operation for the location and for the use of roads within the Township";

    d.    a statement as to "whether or not subcontractors are being used at the location and shall identify those subcontractors,"; and

    e.    a copy of the articles of incorporation and bylaws of the corporation.

*See* Exhibit 1 §§ 5.1, 5.2.

17.     Any subcontractors identified in the disclosure form are required to complete their own disclosure application form.  Under the Corporate Disclosure Ordinance, it shall be the corporation's responsibility to ensure compliance with the ordinance by its subcontractors.  *See* Exhibit 1 at § 5.2.

18.     The Corporation Disclosure Ordinance further provides that "No corporation shall be allowed to do business within the Township if it has a history of consistent violations or if its Parent Corporation or a Subsidiary Corporation has a history of consistent violations of the law. In addition, this Ordinance prohibits any corporation from doing business within the Township if a Director or Officer of the Applicant Corporation is a Director or Officer of another corporation that has a history of consistent violations of the law."  *See* Exhibit 1 § 6.

19.     The Corporate Disclosure Ordinance further provides that "No Corporation shall be allowed to do business within the Township if a Principal Owner of the Applicant Corporation is also a Principal Owner of other corporations that cumulatively possess a history of consistent violations of the law."  *See* Exhibit 1 § 7.

20.     The Corporate Disclosure Ordinance defines "corporation" as: "Any corporation organized under the laws of any state of the United States or under the laws of any country.  The term shall also include any limited partnership, limited liability partnership, business trust, or limited liability company organized under the laws of any state of the United States or under the laws of any country, and any other business entity that possesses State-conferred limited liability attributes for its owners, directors, officers, and/or managers.  The term shall also include any business entity in which one or more owners or partners is a corporation or other entity in which owners, directors, officers and/or managers possess limited liability attributes."  *See* Exhibit 1 § 4.

21.     Range is a "corporation" as that term is defined in the Corporate Disclosure Ordinance.

22.     The Corporate Disclosure Ordinance defines "history of consistent violations" as "Three or more violations committed over the prior twenty year period" and defines "violation" as "notices of violation issued by the Department of Environmental Protection or any other Pennsylvania state agency, or any other state or federal regulatory agency; criminal convictions against the corporation brought by state, federal, or local governments and agencies; and imposition of fines and penalties by any agency of local, state, or federal government.  This term shall include all violations discovered by County Conservation District personnel or by personnel employed or appointed by any local government.  This term shall also be defined to include consent orders, consent agreements, and settlement agreements.  Issuance of a notice of violation

(NOV) shall constitute a violation, regardless of any remedy or action taken to resolve the violation." *See* Exhibit 1 § 4.

23.     The Corporate Disclosure Ordinance further provides that if the Township Supervisors have "reason to believe" that a corporation doing or planning to do business within the Township has a history of consistent violations, or "that a Director or Officer of that corporation is a Director or Officer in another corporation that has a history of consistent violations, or that a Parent Corporation or Subsidiary has a history of consistent violations, the Supervisors shall request that the entity submit a compliance history and/or compliance histories to the Supervisors within thirty (30) days of the written request." *See* Exhibit 1 §§ 8, 9.

24.     The "compliance history" is required to include:

    a.     A listing of all of the Applicant Corporation's officers and directors;

    b.     A listing of all violations committed by the Applicant Corporation over the past twenty years;

    c.     A listing of all other corporations for which the Applicant Corporation's officers and directors also serve;

    d.     A complete compliance history for all other corporations for which the Applicant Corporation's officer and directors also serve; and

    e.     A compliance history for any Parent Corporation or Subsidiary Corporation of the Applicant Corporation.

*See* Exhibit 1 § 11.

25.     The Corporate Disclosure Ordinance also provides that if the Township has reason to believe that the Principal Owner of an Applicant Corporation has a history of consistent violations, then the Principal Owner shall also provide a listing of all other corporations in which the Principal Owner of the Applicant Corporation is also a Principal Owner along with a compliance history for all such other corporations. *See* Exhibit 1 § 11.

26.     The Corporate Disclosure Ordinance also provides that the Township shall have the authority "to prohibit a corporation from doing business within the Township" if: (a) the

Applicant Corporation has a history of consistent violations; (b) if the current Directors or Officers of the Applicant Corporation serve in another corporation that has a history of consistent violations; or (c) if the Parent Corporation or Subsidiary Corporation of the Applicant Corporation has a history of consistent violations.  *See* Exhibit 1 § 12.

27.     The Corporate Disclosure Ordinance also provides that the Township shall have the authority "to prohibit a corporation from doing business within the Township if the Principal Owner of the Applicant Corporation is a Principal Owner of other corporations that cumulatively possess a history of consistent violations."  *See* Exhibit 1 § 14.

28.     The Corporate Disclosure Ordinance states that the Township shall enforce the ordinance either through an action brought before a district justice or through an action in equity brought in the Court of Common Pleas of Washington County.  *See* Exhibit 1 § 16.

29.     The Corporate Disclosure Ordinance also provides that any corporation that violates or is convicted of violating the Ordinance two or more times shall be permanently prohibited from doing business in the Township and that this prohibition shall extend to that corporation's parent, sister and successor companies, subsidiaries, and alter egos, and to all other corporations substantially owned or controlled by that corporation.  *See* Exhibit 1 § 16.6.

30.     The Corporate Disclosure Ordinance provides that "Any attempt to use county, state, or federal levels of government – judicial, legislative, or executive – to preempt, amend, alter, or overturn this Ordinance or parts of this Ordinance, or to intimidate the people of Blaine Township or their elected officials, shall require the Board of Supervisors of Blaine Township to hold public meetings that explore the adoption of other measures that expand local control and the ability of residents to protect their fundamental and inalienable right to self-government. Such considerations *may include action to separate the municipality from the other levels of government used to preempt, amend, alter or overturn the provisions of this Ordinance* or other

levels of government used to intimidate the people of Blaine Township or their elected officials."
*See* Exhibit 1 § 17. (emphasis added).

31.     In addition to the Corporate Disclosure Ordinance, the Board enacted a related fee schedule by resolution numbered R-002-2008 ("Fee Schedule").  A copy of the Fee Schedule is attached as Exhibit 2.

32.     The Fee Schedule requires the applicant to pay a fee with the Disclosure Statement.  The amount of the fee is based on the applicant's previous year's business tax return. *See* Exhibit 2.

33.     The fee is not a one time fee.  To the contrary, the fee must be paid every year. *See* Exhibit 2.

34.     Certain corporations are excluded from paying the fee.   Specifically, the Fee Schedule states that

> "[a]ll businesses that provides [sic] residential services including electric, cable, water, phone, gas, garbage hauling, home water delivery, home repair services including plumbing, electrical and pool cleaning, provided that they are working on an established existing single or multi family residential home, are exempted from registering and paying this fee.   Existing churches, fire departments, American Legions and municipal structures are also exempted from registering and paying this fee.   New home construction contractors and professionals building or working on a single (one) family home construction site are exempt from registration and fees."

*See* Exhibit 2.

35.     Under the Fee Schedule, Range would be required to pay a fee for each year that it does business within the Township.

### C.     Resolution No. R-001-2008: Temporary Structure Fee Resolution

36.     On March 17, 2008, the Township passed Resolution R-001-2008 (the "Temporary Structure Fee Resolution"), which requires a $300 permit for use of any temporary

trailer or storage structure. A copy of the Temporary Structure Fee Resolution is attached as Exhibit 3.

37. The full heading of the Temporary Structure Fee Resolution is: "A Resolution of the Blaine Township Board of Supervisors to Enact a $300.00 Permit Fee for Each Temporary Structure, Storage or Office Trailer Used at All Work Sites." *See* Exhibit 3.

38. The Temporary Structure Fee Resolution, referencing the Blaine Township Zoning Ordinance, states that "[t]emporary structures and trailers used in conjunction with construction work may be permitted only during the period that the construction work is in progress." *See* Exhibit 3.

39. The Temporary Structure Fee Resolution states that "[e]ach structure shall have its own permit" and that "[n]o permit shall be valid over six months." *See* Exhibit 3.

40. The Temporary Structure Fee Resolution further states that the fee for each permit will be $300.00. *See* Exhibit 3.

41. The Temporary Structure Fee Resolution does not define the following words: "temporary," "structure," "trailer" or "construction work."

**D.** **Ordinance No. O-007-2008: Anti-Corporate Recognition Ordinance**

42. On July 21, 2008, the Township enacted Ordinance No. O-007-2008 entitled the "Blaine Township Democratic Self Government and Local Control Ordinance" (the "Anti-Corporate Recognition Ordinance"). A copy of the Anti-Corporate Recognition Ordinance is attached as Exhibit 4.

43. The full heading of the Anti-Corporate Recognition Ordinance is: "An Ordinance by the Second Class Township of Blaine Township, Washington County, Pennsylvania, Eliminating Legal Powers and Privileges from Corporations Doing Business within Blaine Township to Vindicate the Right to Democratic Self-Governance." *See* Exhibit 4.

44.   The Anti-Corporate Recognition Ordinance includes a "finding" that "Interpretation of the U.S. Constitution by unelected Supreme Court justices to include corporations in the term 'persons' has long denied the peoples' exercise of rights by endowing corporations with constitutional privileges intended solely to protect the citizens of the United States or natural persons within its borders.  Enforcement of those corporate 'rights' by courts and governments has long wrought havoc on the peoples' democratic process."  *See* Exhibit 4 § 3(2).

45.   The Anti-Corporate Recognition Ordinance includes a "finding" that "Interpretation of the U.S. Constitution by Supreme Court justices to afford corporations the protections of the Commerce Clause (Article I, §8 of the Constitution of the United States) and the Contracts Clause (Article I, §10 of the Constitution of the United States) has prevented communities and governments from securing the health, safety, welfare, and rights of citizens and natural persons."  *See* Exhibit 4 § 3(3).

46.   The Anti-Corporate Recognition Ordinance includes a "finding" that "This illegitimate judicial bestowal of civil and political rights upon corporations prevents the administration of laws within Blaine Township and usurps basic human and constitutional rights guaranteed to the people of Blaine Township."  *See* Exhibit 4 § 3(4).

47.   The Anti-Corporate Recognition Ordinance includes a "finding" that "The illegitimate judicial designation of corporations as 'persons' and the bestowal of constitutional rights upon corporations empowers corporations to sue municipal governments for adopting laws that violate corporate 'rights.'"  *See* Exhibit 4 § 3(5).

48.   The Anti-Corporate Recognition Ordinance includes a "finding" that "The illegitimate judicial designation of corporations as 'persons' gives corporations First Amendment rights and unfettered access to elections.  Those powers enable corporations to deny outright

peoples' First Amendment rights to debate and establish public policy on important issues." *See* Exhibit 4 § 3(7).

49.     Based on these "findings," the substantive "statement of law" in the Anti-Corporate Recognition Ordinance provides: "Within Blaine Township, corporations shall not be 'persons' under the United States or Pennsylvania Constitutions, or under the laws of the United States, Pennsylvania, or Blaine Township, and so shall not have the rights of persons under those constitutions and laws.  In addition, within the Township of Blaine, no corporation shall be afforded the privileges, powers, and protections of the Contracts Clause or Commerce Clause of the United States Constitution, or of similar provisions from the Pennsylvania Constitution." *See* Exhibit 4 § 6.

> **E.     Range's Operations within the Township**

50.     As an oil and gas operator, Range drills oil and natural gas wells on leaseholds it acquires from owners of minerals within the Township.

51.     Among the oil and natural gas leasehold interests that it has within the Township, Range is seeking to develop the Marcellus Shale region, which is a shale strata located at vertical depths from 6,000 to 7,000 feet.

52.     Development of the Marcellus Shale is accomplished through what is commonly referred to as "deep wells."  The drilling of a deep well costs approximately $4 million.

53.     Drilling of a deep well takes approximately 30 days.  Range employs anywhere from 20 to 30 subcontractors during the drilling of such a well.

54.     Many of the subcontractors may be used for just a few days or even a few hours during the drilling process.

55.     The Corporate Disclosure Ordinance purports to hold Range responsible for each of its subcontractors and requires that Range ensure that each of the subcontractors submits Disclosure Statements and the required fees.

56.     The practical result is that subcontractors that could be within the Township only a few hours are required to submit an application of numerous pages and a fee up to $350.00.

57.     Further, assuming Range uses 20-30 subcontractors per site, the Township could collect between $7,000 and $10,500 in fees under the Corporate Disclosure Ordinance for a site where drilling may be occurring for only a few weeks.

58.     Further, drilling often requires a number of construction trailers as well as water tanks in the circumstances where Range must rely on an outside source for the water necessary for the drilling and fracing process.

59.     The Township's Temporary Structure Fee Resolution would require Range to obtain a separate permit for each such "structure."

**F.     The Township's "Citations"**

60.     On June 17 and 27 of 2008, the Township issued 22 citations to Range for alleged violations of the Temporary Structure Fee Resolution on the grounds that Range allegedly had 22 "temporary structures" located on one approximately 3-acre drilling site.   A copy of the 22 citations has been attached, collectively, as Exhibit 5.

61.     Of the 22 "structures," in the citations which comprise Exhibit 5, 18 were water tanks.

62.     The Township contends that Range must pay a $300 permit fee for each of the 22 "structures," for a total of $6,600.00 in "permit" fees for "temporary structures" located on one site of approximately 3 acres.

63.     On August 1, 2008, the Township issued 2 citations to Range for alleged violations of the Corporate Disclosure Ordinance.  A copy of the 2 citations has been attached, collectively, as Exhibit 6.

64.     The citations in Exhibit 6 state that Range has failed to comply with the Corporate Disclosure Ordinance at two different drilling sites within the Township.

65.     The citations in Exhibit 6 each state that a $700.00 fee is due, for a total of $1,400.00 in fees for alleged violations of the Corporate Disclosure Ordinance.

66.     As of the date of the filing of this Complaint, Range has not paid the fees for any of the 24 citations.

**G.     The Magistrate Action**

67.     The Township initiated a magistrate action against Range for the enforcement of the 24 citations.

68.     On October 8, 2008, Magistrate Jay H. Dutton found against Range on all 24 citations.

69.     Pursuant to the Pennsylvania Rules of Civil Procedure, Range appealed the magistrate's ruling, and a hearing was conducted in the Washington County Court of Common Pleas on February 26, 2009 before Judge Paul Pozonsky.  As of the filing date of this complaint, Judge Pozonsky has not issued a ruling on Range's appeal.

**COUNT I – DECLARATORY RELIEF:
CORPORATE DISCLOSURE ORDINANCE**

**<u>VIOLATION OF THE EQUAL PROTECTION CLAUSE</u>**

70.     Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

71.     The Corporate Disclosure Ordinance treats corporations differently than similarly situated natural persons by requiring corporations to meet onerous disclosure requirements.

72.     Amendment XIV of the U.S. Constitution states, in relevant part, that no state "shall deny to any person within its jurisdiction the equal protection of the laws. . .".  U.S. CONST. AMEND. XIV.

73.     Corporations are considered persons for purposes of the protections under the Constitution of the United States.

74.     The Corporate Disclosure Ordinance attempts to impose burdensome disclosure requirements on certain corporations doing business within the Township.

75.     Other persons doing business within the Township are not subject to the same disclosure requirements.  Additionally, certain exempted corporations are not required to comply with the Corporate Disclosure Ordinance.  *See* Exhibit 2 and infra at ¶ 34.

76.     Because the Corporate Disclosure Ordinance impinges fundamental constitutional rights, it can only be upheld if it advances a compelling state interest and the restrictions are narrowly tailored to meet that interest.

77.     The Corporate Disclosure Ordinance does not advance a compelling state interest but rather deprives corporations of constitutional and legal rights, including the right to do business with the Township.

78.     Further, the Corporate Disclosure is not narrowly tailored to meet any compelling state interest.  Rather, it is broadly drafted to include numerous types of corporations, while providing categorical exemptions of other types of corporations, even if those corporations have a "history of consistent violations."

79.     The Township has used the Corporate Disclosure Ordinance to require the submission of numerous documents and records by Range and Range's subcontractors, while exempting other corporations and individuals from such requirements.

80.     The Township has issued citations to Range for alleged violations of the Corporate Disclosure Ordinance, while neglecting to issue such citations to other corporations or individuals doing business within the Township.

81.     For the foregoing reasons, the Corporate Disclosure Ordinance violates the Equal Protection Clause of the Constitution of the United States.

82.     Range has suffered injury as a result of the Township's issuance and enforcement of the Corporate Disclosure Ordinance.

WHEREFORE, Range respectfully requests that the Court declare the Corporate Disclosure Ordinance to be invalid as an unconstitutional violation of the Equal Protection Clause, declare the Township's enforcement of the Ordinance to be invalid, and grant any such further relief that the Court may deem just and proper.

### COUNT II – DECLARATORY RELIEF:
### ANTI-CORPORATE RECOGNITION ORDINANCE

### VIOLATION OF THE EQUAL PROTECTION CLAUSE

83.     Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

84.     The Anti-Corporate Recognition Ordinance treats corporations differently than similarly situated natural persons, by providing that corporations shall not be afforded the rights provided by the Constitution of the United States, including, but not limited to, rights under the First Amendment, the Commerce Clause, the Contracts Clause and the Fourteenth Amendment. *See* Exhibit 4.

85.     Amendment XIV of the U.S. Constitution states, in relevant part, that no state "shall deny to any person within its jurisdiction the equal protection of the laws. . .".  U.S. CONST. AMEND. XIV.

86.     The rights provided by the Constitution of the United States, including, but not limited to, rights under the First Amendment, Commerce Clause, Contracts Clause and the Fourteenth Amendment are fundamental rights.

87.     Corporations are considered persons for purposes of the protections under the Constitution of the United States.

88.     The Anti-Corporate Recognition Ordinance is limited in its application to "corporations" and purports to strip only corporations of their constitutional rights while the constitutional rights of other persons within the Township remain unaffected.

89.     Because the Anti-Corporate Recognition Ordinance impinges Range's fundamental constitutional rights, it can only be upheld if it advances a compelling state interest and the restrictions are narrowly tailored to meet that interest.

90.     The Anti-Corporate Recognition Ordinance does not advance a compelling state interest but rather exists only to deprive corporations of long-standing constitutional and other legal rights.

91.     The Anti-Corporate Recognition Ordinance is not narrowly tailored to meet any compelling state interest because it applies to corporations, but does not apply to other natural persons and businesses.

92.     The Anti-Corporate Recognition Ordinance purports to strip corporations of all legal and constitutional rights, which is a facially overbroad attempt to regulate the activities of corporations.

93.     For the foregoing reasons, the Anti-Corporate Recognition Ordinance violates the Equal Protection Clause of the Constitution of the United States.

94.     Enforcement of the Anti-Corporate Recognition Ordinance will cause injury to Range.

WHEREFORE, Range respectfully requests that the Court declare the Anti-Corporate Recognition Ordinance to be invalid as an unconstitutional violation of the Equal Protection Clause, declare the Township's issuance and enforcement of the Ordinance to be invalid, and grant any such further relief that the Court may deem just and proper.

### COUNT III – DECLARATORY RELIEF:
### CORPORATE DISCLOSURE ORDINANCE

### VIOLATION OF THE COMMERCE CLAUSE

95.     Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

96.     The Corporate Disclosure Ordinance imposes burdens on interstate commerce that are excessive in relationship to any putative local benefit, which has not been identified to exist.

97.     The Corporate Disclosure Ordinance purports to require corporations to submit information on the corporation's history for the prior twenty years.  This requirement is unreasonable, unnecessary, and burdensome.  The corporation must submit this information to the Township before engaging in any legal business activities in the Township.

98.     If the Township has "reason to believe" that the corporation's officers, directors or owners are affiliated with other corporations that have a "history of consistent violations," the Township can require submissions of excessive amounts of corporate history and documentation for the prior twenty years for each of the other corporations, in addition to the applicant corporation.

99.     The Corporate Disclosure Ordinance purports to prohibit any corporation with a "history of consistent violations" of the law from engaging in business activities within the

Township regardless of the legality of those business activities and regardless of the nature of the violations of law committed by the corporation.

100.    Range would incur substantial expenses if required to compile the information necessary to complete the "compliance history" and "disclosure application form" purportedly required by the Corporate Disclosure Ordinance.

101.    The Corporate Disclosure Ordinance prevents Range from developing significant production of natural gas within the Township, which would be used to supply energy needs throughout the region.

102.    The Corporate Disclosure Ordinance, therefore, imposes substantial burdens on interstate commerce by requiring the disclosure of onerous amounts of information and by banning corporations that have a "history of consistent violations" of the law from engaging in legal business activities within the Township, including oil and natural gas drilling and production.

103.    The Corporate Disclosure Ordinance has a substantial impact on interstate commerce because it has the effect of curbing the supply of oil and natural gas, which is an important natural resource, at a time when the demand for domestic oil and natural gas is growing substantially.

104.    The Corporate Disclosure Ordinance does not provide any benefit because the health, safety, and welfare of the residents of the Township and the environment are already protected by the comprehensive and exclusive regulatory scheme for oil and natural gas operations enacted by the Commonwealth of Pennsylvania and administered by the Pennsylvania Department of Environmental Protection.

105.    Further, the Corporate Disclosure Ordinance does not provide any benefit because the health, safety, and welfare of the residents of the Township are already protected by the

comprehensive and exclusive registration scheme for corporations and limited liability companies set forth in the Limited Liability Company Law.

106.    There is no finding or evidence to support the assertion that a subset of all corporations with a "history of consistent violations" of the law pose a greater threat to the health, safety and welfare of residents of the Township than corporations that do not have a "history of consistent violations" of the law.

107.    The Corporate Disclosure Ordinance defines the term "violation" to include "notices of violation" and therefore purports to prohibit companies from engaging in business in the Township based on mere allegations of a violation of the law.

108.    For the foregoing reasons, the Corporation Disclosure Ordinance violates the Commerce Clause of the United States Constitution.

109.    The Township has issued two citations to Range for alleged violations of the Corporate Disclosure Ordinance.

110.    Range has suffered injury as a result of the Township's enforcement of the Corporate Disclosure Ordinance.

**WHEREFORE**, Range respectfully requests that the Court declare the Corporate Disclosure Ordinance to be a violation of the Commerce Clause, declare the Township's issuance and enforcement of the Ordinance to be unconstitutional and invalid, and grant such further relief that the Court may deem just and proper.

### COUNT IV – DECLARATORY RELIEF: ANTI-CORPORATE RECOGNITION ORDINANCE

### VIOLATION OF SUBSTANTIVE DUE PROCESS

111.    Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

112.     In enacting the Anti-Corporate Recognition Ordinance, the Township intended t,o and effectively does, deny corporations of their fundamental rights provided by the United States Constitution, including, but not limited to, their rights under the Contracts Clause and Commerce Clause.

113.     The Township's abrogation of a corporation's Constitutional rights is deliberate, arbitrary, and irrational.

114.     The Township's conduct is an abuse of official power which shocks the conscience.

115.     For these reasons, the Anti-Corporate Recognition Ordinance violates the Substantive Due Process protections of the Fourteenth Amendment of the United States Constitution.

116.     Range will suffer injury if the Township is permitted to enforce the Corporate Disclosure Ordinance.

**WHEREFORE**, Range respectfully requests that the Court declare the Anti-Corporate Recognition Ordinance to be a violation of the Fourteenth Amendment, declare the Township's issuance and enforcement of the Ordinance to be unconstitutional and invalid, and grant such further relief that the Court may deem just and proper.

### COUNT V – DECLARATORY RELIEF:
### TEMPORARY STRUCTURE FEE RESOLUTION

### UNCONSTITUTIONALLY VAGUE AND OVERBROAD

117.     Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

118.     A regulation must provide clearly defined terms to allow for uniform enforcement.  If the regulation is not clear it will be invalid because it will not be able to be

enforced consistently.  Further, a regulation must expressly provide what conduct is covered by the regulation.

119.    The Temporary Structure Fee Resolution does not define the terms "temporary," "structure," "trailer" or "construction work."  Therefore, the Temporary Structure Fee Resolution is vague because one is unable to determine from the face of the Temporary Structure Resolution which types of "structures" and "trailers" require permits.  As stated, the Temporary Structure Fee Resolution is therefore unconstitutional because it is vague and overbroad.

120.    The Township issued 22 citations to Range for alleged violations of the Temporary Structure Fee Resolution.  Eighteen of those citations were for water tanks.  From the language of the Temporary Structure Fee Resolution, Range had no notice that a water tank would require a permit.

121.    Because the Temporary Structure Fee Resolution does not appropriately define "structures" to which it applies, it gives the Township broad discretion to enforce the Temporary Structure Fee Resolution in an overbroad, arbitrary, and discriminatory manner.

122.    For the foregoing reasons, the Temporary Structure Fee Resolution is unconstitutional.

123.    Range has suffered injury as a result of the Township's issuance and enforcement of the Temporary Structure Fee Resolution.

**WHEREFORE**, Range respectfully requests that the Court declare the Temporary Structure Fee Resolution to be invalid because it is unconstitutionally vague and overbroad, declare the Township's issuance and enforcement of the Temporary Structure Fee Resolution to be invalid, and grant such further relief that the Court may deem just and proper.

## COUNT VI – DECLARATORY RELIEF:
### TEMPORARY STRUCTURE FEE RESOLUTION

### IMPROPER TAX

124.     Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

125.     A fee for a permit must be reasonably related to the costs associated with the regulation and the administration of the permit.  If a fee is not reasonably related, it will be considered an improper tax.

126.     The Temporary Structure Fee Resolution requires a $300 fee for each "permit" for every "structure" or "trailer" on a site.

127.     There is no evidence of any cost to the Township, beyond nominal administrative costs, for issuing the "permit."  Moreover, there is no evidence that a $300.00 fee is reasonably related to any costs the Township might allegedly incur for issuing, regulating or administering a permit.

128.     Thus, the $300 fee is excessive and not reasonably related to the Township's costs.

129.     The excessiveness of the $300 fee for each permit is particularly evident in the case of an applicant with more than one structure.

130.     The Township chose to arbitrarily apply the Temporary Structure Fee Resolution to Range 22 times for one 3-acre site, which resulted in $6,600.00 in fees.  However, there is no evidence that the Township's administrative costs to issue 22 permits to one applicant is in any way reasonably related to the services that the Township allegedly provides, or to the Township's costs associated with regulation or administration.

131.    Because the permit fee is not reasonably related to any costs the Township allegedly incurs in regulating or administering the permit, the "fee" is actually an improper tax that the Township does not have the authority to impose or enforce.

132.    Range has suffered injury as a result of the Township's issuance and enforcement of the Temporary Structure Fee Resolution.

WHEREFORE, Range respectfully requests that the Court declare the Temporary Structure Fee Resolution as invalid as an improper tax, declare the Township's issuance and enforcement of the Resolution to be invalid, and grant such further relief that the Court may deem just and proper.

## COUNT VII – DECLARATORY RELIEF:
## CORPORATE DISCLOSURE ORDINANCE

## <u>IMPROPER TAX</u>

133.    Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

134.    Even if the Corporate Disclosure Ordinance is lawful, the annual fee for the Corporate Disclosure Ordinance is not rationally related to the costs associated with its regulation and administration.

135.    The Fee Schedule for the Corporate Disclosure Ordinance sets the fee based on a corporation's previous year's business tax return.  Accordingly, the greater the income the larger the fee will be.  *See* Exhibit 2.

136.    The fees are not rationally related to the Township's costs because there is no evidence that the administration of a Disclosure Statement from a corporation with a greater income on its return will be more expensive for the Township than for the costs of administration for a corporation with a lesser income on its return.

137.     To the contrary, it is apparent from the Fee Schedule that the Township is attempting to charge applicant corporations with greater incomes higher fees, without any reasonable relationship to the Township's costs to administer statements from those corporations as compared with other corporations.

138.     Under the Fee Schedule, Range is required to pay the Township $350.00 per year for each year that it does business within the Township.

139.     Because the Fee Schedule is not reasonably related to the Township's costs incurred in administering the Corporate Disclosure Ordinance, the "fee" is actually an improper tax that the Township does not have the authority to impose or enforce.

140.     Range has suffered injury as a result of the Township's issuance and enforcement of the Corporate Disclosure Ordinance and the Fee Schedule.

WHEREFORE, Range respectfully requests that the Court declare the Corporate Disclosure Ordinance to be invalid as an improper tax, declare the Township's enforcement of the Fee Schedule to be an improper tax, and grant such further relief that the Court may deem just and proper.

### COUNT VIII – DECLARATORY RELIEF: CORPORATE DISCLOSURE ORDINANCE

### <u>PREEMPTION</u>

141.     Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

142.     Pursuant to the Second Class Township Code, the Township has the authority to enact ordinances and regulations only to the extent that they are "not inconsistent with or restrained by the Constitution and laws of this Commonwealth. . .".  53 P.S. §66506.

143.    The Corporate Disclosure Ordinance has the effect of revoking a corporation's right to engage in lawful business within the Township by prohibiting a corporation with a "consistent history of violations" from engaging in all business activities that would otherwise be lawful.  See Exhibit 1 § 12.

144.    Range is organized as a limited liability corporation under the laws of Pennsylvania, including Pennsylvania's Limited Liability Company Law ("LLCL").  Range is also a "corporation" as defined by the Anti-Disclosure Ordinance.

145.    The LLCL provides that limited liability companies may be organized for any lawful purpose, except banking or insurance, and that unless otherwise restricted in its certificate of organization, a limited liability company may engage in all lawful businesses.  15 Pa.C.S.A. § 8911.

146.    The LLCL provides that a limited liability company has the "legal capacity of natural persons to act."  15 Pa.C.S.A. § 8921.

147.    The LLCL provides that limited liability companies have the same rights, powers and privileges as domestic corporations engaged in the same line of business.  15 Pa.C.S.A. § 8902.

148.    The LLCL permits the state of Pennsylvania to commence proceedings to enjoin a limited liability company from engaging in unauthorized or unlawful business.  15 Pa.C.S.A. § 8911.

149.    There are no provisions in the LLCL which permit a second class township to revoke a limited liability company's right to engage in lawful business activity.

150.    In enacting the LLCL, the General Assembly preempted local regulation of a limited liability company's business activities because the LLCL provides complete and comprehensive regulations for all aspects of a limited liability company's operations.

151.     The Corporate Disclosure Ordinance seeks to regulate and prohibit a limited liability company's right to engage in lawful business activities.

152.     A controversy exists between Range and the Township because Range has advised the Township that the Corporate Disclosure Ordinance is unlawful and is preempted by the LLCL.  Further, a controversy exists because Range is unable to comply with the Corporate Disclosure Ordinance because the disclosure requirements are unduly burdensome and because Range cannot be held responsible for compliance by all of its subcontractors.

153.     The Township asserts that the Corporate Disclosure Ordinance is valid and, as previously averred, has issued two citations to Range for alleged violations of the Corporate Disclosure Ordinance.

154.     Declaratory relief from this Court will terminate the controversy between Range and the Township with respect to whether the Township has the right to enact the Corporate Disclosure Ordinance in light of the provisions of the LLCL.

155.     A judicial declaration is necessary as to whether the Corporate Disclosure Ordinance has been preempted by the LLCL and is therefore invalid and unenforceable.

WHEREFORE, Range respectfully requests that the Court declare the Corporate Disclosure Ordinance to be invalid because it is preempted by the LLCL, declare the Township's enforcement of the Corporate Disclosure Ordinance to be invalid, and grant such further relief that the Court may deem just and proper.

## COUNT IX – DECLARATORY RELIEF:
## CORPORATE DISCLOSURE ORDINANCE

### PREEMPTION

156.     Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

157.    The Corporate Disclosure Ordinance impermissibly regulates the development of oil and natural gas, which is exclusively and comprehensively regulated within the Commonwealth of Pennsylvania by the Pennsylvania Department of Environmental Protection through the Pennsylvania Oil and Gas Act (the "Act").  Oil and Gas Act, Act No. 1984-223 § 602, *as amended by* Act No. 1992-78, § 7, 58 P.S. § 601.101 *et seq*.

158.    The Act expressly preempts all local regulation of oil and gas well operations.  Specifically, the Act states, in relevant part:  "all local ordinances and enactments purporting to regulate oil and gas well operations regulated by this act are hereby superseded."  58 P.S. § 601.602.  The Act further states that it "hereby preempts and supersedes the regulation of oil and gas wells." *Id*.

159.    Through the Corporate Disclosure Ordinance, the Township is impermissibly regulating oil and gas development.

160.    As previously averred, the Corporate Disclosure Ordinance requires Range to submit a burdensome Disclosure Statement and pay an annual fee of $350.00 for its natural gas development within the Township.

161.    The Corporate Disclosure Ordinance also imposes onerous requirements on Range to ensure that each of its subcontractors submits the Disclosure Statements and pays the annual fees.

162.    The requirements of the Corporate Disclosure Ordinance are imposing regulations on Range's oil and gas operations, and as such, the Corporate Disclosure Ordinance is expressly preempted under the Act.

163.    Declaratory relief from this Court will terminate the controversy between Range and the Township with respect to whether the Township has the right to enact the Corporate Disclosure Ordinance in light of the provisions of the Act.

164.   A judicial declaration is necessary as to whether the Corporate Disclosure Ordinance has been preempted by the Act and is therefore invalid and unenforceable.

WHEREFORE, Range respectfully requests that the Court declare the Corporate Disclosure Ordinance to be invalid because it is preempted by the Act, declare the Township's enforcement of the Corporate Disclosure Ordinance to be invalid, and grant such further relief that the Court may deem just and proper.

## COUNT X – DECLARATORY RELIEF:
## CORPORATE DISCLOSURE ORDINANCE

## IMPERMISSIBLE EXERCISE OF POLICE POWER

165.   Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

166.   Second class townships do no possess broad police powers.  Rather, they possess only such powers as have been granted to them by the General Assembly.

167.   The Township cites 53 P.S. § 66506 of the Pennsylvania Municipalities Planning Code (the "MPC") as authority for enactment of the Corporate Disclosure Ordinance.  *See* Exhibit 1 § 2.  This section of the MPC states that a township may enact ordinances "not inconsistent with or restrained by the Constitution and laws of this Commonwealth necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government, health and welfare of the township and its citizens, trade, commerce and manufacturers."

168.   The Township also cites 53 P.S. § 66527 of the MPC as authority for enactment of the Corporate Disclosure Ordinance.  *See* Exhibit 1 § 2.  This section of the MPC states that a township may enact ordinances "to secure the safety of persons or property within the township and to define disturbing the peace within the limits of the township."  *See* 53 P.S. § 66527.

169.    The Township also cites 53 P.S. § 66529 of the MPC as authority for the enactment of the Corporate Disclosure Ordinance.  *See* Exhibit 1 § 2.  This section of the MPC states that a township may enact ordinances "to prohibit nuisances, including, but not limited to, the storage of abandoned or junked automobiles, on private and public property and the carrying on of any offensive manufacture or business."  *See* 53 P.S. § 66529.

170.    The Township also generally cites the whole MPC as authority for the Township to enact ordinances that promote public health, safety and welfare.  *See* Exhibit 1 § 2.

171.    The Corporate Disclosure Ordinance is not within the scope of powers granted to the Township pursuant to the MPC because it creates arbitrary interference with private business and imposes unusual and unnecessary restrictions upon lawful business activities.

172.    The Township lacks any evidence to support its purported "finding" that corporations which have a "consistent history of violations" of the law (as that term is defined in the Corporate Disclosure Ordinance) or which are affiliated with officers, directors or owners who have a "consistent history of violations" of law, pose any threat to the health, safety and welfare of the residents of the Township.

173.    The Corporate Disclosure Ordinance is arbitrary and imposes unusual and unnecessary restrictions on lawful business activities because it prohibits a corporation from engaging in lawful business activities based on mere allegations that the corporation has engaged in a limited number of potentially unrelated violations of law over a twenty year period.

174.    The Corporate Disclosure Ordinance is arbitrary because it unduly restricts, and even prohibits corporations with "consistent history of violations" from doing business within the Township, but the Corporate Disclosure Ordinance does not place any restrictions on individuals or businesses not classified as "corporations" from doing business within the Township, even when those individuals or businesses have a "consistent history of violations."

To the contrary, the Corporate Disclosure Ordinance purports to allow an individual or business with a consistent history of violations of law to continue business activities while at the same time prohibiting that same individual from operating the same business through a single member limited liability company.

175.    The distinction between individually-operated and corporate-operated businesses is arbitrary and does not serve any legitimate relationship to the health, safety and welfare of the residents of the Township.

176.    The Corporate Disclosure Ordinance is not within the scope of the powers granted to the Township pursuant to 53 P.S. § 66529 because that section permits a township to regulate business activities only when it is established that those activities constitute a nuisance in fact.

177.    There are no findings or evidence set forth in the Corporate Disclosure Ordinance that Range's natural gas operations and development in general constitutes a nuisance in fact.

178.    The Corporate Disclosure Ordinance is an impermissible attempt to license and regulate business outside the limited scope of business regulation authority delegated to second class townships.

179.    The Corporate Disclosure Ordinance requires a corporation to register, pay a license fee and have its disclosure form accepted before engaging in business activities in the Township.

180.    Pursuant to 53 P.S. § 66532, a second class township is permitted to license and regulate by ordinance only a limited range of business activities, including transient merchants, cable television companies, restaurants and junk dealers which are operating or doing business in the township.

181.   Range's proposed business activities do not fall within any of the categories of business identified in 53 P.S. § 66532 and, as a result, the Township lacks the authority to either regulate or license those business activities.

182.   For these reasons, the Corporate Disclosure Ordinance is an impermissible exercise of the Township's authority under the MPC and is therefore invalid and unenforceable.

183.   Range has suffered injury as a result of the Township's issuance and enforcement of the Corporate Disclosure Ordinance.

184.   Declaratory relief from this Court will terminate the controversy between Range and the Township with respect to whether the Township has the right to enact the Corporate Disclosure Ordinance pursuant to its police powers.

185.   A judicial declaration is necessary as to whether the Corporate Disclosure Ordinance is an invalid exercise of the Township's legislatively granted authority and is therefore invalid and unenforceable.

**WHEREFORE**, Range respectfully requests that the Court declare the Corporate Disclosure Ordinance to be invalid, declare the Township's enforcement of the Corporate Disclosure Ordinance to be invalid, and grant such further relief that the Court may deem just and proper.

## COUNT XI – DECLARATORY RELIEF:
### ANTI-CORPORATE RECOGNITION ORDINANCE

### IMPERMISSIBLE EXERCISE OF POLICE POWER

186.   Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

187.   The Township cites 53 P.S. §§ 66506, 66527 and 66529 as authority for enacting the Anti-Corporate Recognition Ordinance.

188.    Significantly and as quoted above, § 66506 of the MPC states that a township may enact ordinances "not inconsistent with or restrained by the Constitution and laws of this Commonwealth necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government, health and welfare of the township and its citizens, trade, commerce and manufacturers."

189.    The Anti-Corporate Recognition Ordinance seeks to strip corporations, as defined by the Township, of all of their rights under the constitutions of both the United States and Pennsylvania.  *See* Exhibit 4 § 6.

190.    The Township cannot support its purported purpose for the Anti-Corporate Recognition Ordinance that the Ordinance will "guarantee residents of Blaine Township their right to a republican form of governance by refusing to recognize the purported constitutional rights of corporations" and that the Anti-Corporate Recognition Ordinance will "remedy current and future harms that corporations have caused and will continue to cause."  *See* Exhibit 4 § 4

191.    To the contrary, the Anti-Corporate Recognition Ordinance purports to impose a bizarre restriction that strips corporations of their constitutional and legal rights.

192.    The Anti-Corporate Recognition Ordinance asserts that corporations shall not have rights under the constitutions and laws of the United States and Pennsylvania.  As such, it cannot meet the requirement that a lawful ordinance "not [be] inconsistent with or constrained by the laws of this Commonwealth" as the MPC requires.

193.    Accordingly, the Township has exceeded the scope of its police powers under the MPC, and the Anti-Corporation Recognition Ordinance is therefore invalid.

**WHEREFORE**, Range respectfully requests that the Court declare the Anti-Corporate Recognition Ordinance to be invalid, and grant such further relief that the Court may deem just and proper.

## COUNT XII – INJUNCTIVE RELIEF

194.    Range realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

195.    Range is likely to prevail on the merits of this claim, given that the Ordinances and Resolution violate the United States and Pennsylvania Constitutions, are preempted by Pennsylvania state law and exceed the Township's authority.

196.    Unless and until the Township is preliminarily and permanently enjoined from enforcing the Ordinances and the Resolution, Range will be subjected to unnecessary, unreasonable and prohibitively burdensome requirements, which have irreparably harmed and will continue to irreparably harm Range by effectively preventing Range from developing its property rights.

197.    By contrast, the Township will suffer no irreparable harm.  Because the Ordinances and Resolution regulate activities beyond the scope of the Township's authority and are not reasonably related to the Township's purported purposes, the Township will suffer no harm should it be enjoined.

198.    Indeed, greater injury to the public interest will occur if Range's request for injunctive relief is denied.  Not only will Range be prevented from exercising its property rights, but landowners who have natural gas leases with Range will not benefit from oil and natural gas development beneath their property.  Moreover, the Ordinances and Resolution will have a harmful impact upon the public interest in the Township and Pennsylvania by limiting availability of, and increasing the cost of, natural gas development, thereby causing increased costs to the consumer.

199.    Range has no adequate remedy at law because, unless the Court enjoins enforcement of the Ordinances, it will suffer damages as a result of the Ordinances and

Resolution that are impossible to quantify. Moreover, the Township is subject to governmental immunity, and therefore Range is precluded from asserting an action for money damages. 42 Pa.C.S. §8541.

WHEREFORE, Range respectfully requests that the Court preliminarily and permanently enjoin the Township (and any persons within the Township's control or acting on their behalf) from enforcing, directly or indirectly, the Ordinances and Resolution, and grant such further relief that the Court may deem just and proper.

March 24, 2009                                    Respectfully submitted,


                                                 s/Heather L. Lamparter
                                                 Richard W. Hosking, Esquire
                                                 Pa. I.D. No. 32982
                                                 Heather L. Lamparter, Esquire
                                                 Pa. I.D. No. 201175

                                                 K&L GATES LLP
                                                 Henry W. Oliver Building
                                                 535 Smithfield Street
                                                 Pittsburgh, PA 15222
                                                 (412) 355-6500

                                                 Attorneys for Range Resources – Appalachia LLC