# EXHIBIT 1



## ORDINANCE NO. O-002-2008
### Blaine Township, Washington County, Pennsylvania

AN ORDINANCE TO PROTECT THE HEALTH, SAFETY, AND GENERAL WELFARE OF THE CITIZENS AND NATURAL ENVIRONMENT OF BLAINE TOWNSHIP BY REQUIRING CORPORATIONS DOING BUSINESS IN BLAINE TOWNSHIP TO DISCLOSE THAT BUSINESS; BY PROHIBITING CORPORATIONS WITH A CONSISTENT HISTORY OF VIOLATING THE LAW FROM DOING BUSINESS WITHIN BLAINE TOWNSHIP; AND BY PROVIDING FOR THE ENFORCEMENT OF THIS ORDINANCE.

**Section One:** Name. The name of this Ordinance shall be the "Blaine Township Corporate Disclosure and Environmental Protection Ordinance."

**Section Two:** Authority. This Ordinance is enacted pursuant to the inherent, inalienable, and fundamental right of the citizens of the Township of Blaine to self-government, and by authority granted to the municipal government of Blaine Township by all relevant Federal and State laws and their corresponding regulations, including, without limitation, the following:

The Declaration of Independence, which declares that the people of Blaine Township are born with "certain unalienable rights" and that governments are instituted among people to secure those rights;

The Pennsylvania Constitution, Article 1, Section 2, which declares that "all power is inherent in the people and all free governments are instituted for their peace, safety, and happiness;"

The Pennsylvania Constitution, Article 1, Section 26, which declares that "neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right;"

The Pennsylvania Constitution, Article I, Section 27, which provides for the "preservation of the natural, scenic, historic, and esthetic values of the environment;"

The provisions of The Second Class Township Code, as codified at 53 P.S. § 65101 *et seq.*, which authorizes the Board of Supervisors of Blaine Township to provide for the protection and preservation of natural and human resources, to promote, protect, and facilitate public health, safety, and general welfare, and to preserve and protect farmland, woodland, and the recreational uses of land within the Township;

The provisions of The Second Class Township Code, Article XV, as codified at 53 P.S. § 66506, which authorizes the Board of Supervisors of Blaine Township to enact ordinances necessary for the proper management, care, and control of the township and its finances and the maintenance of peace, good government, health, and welfare of the township and its citizens, trade, commerce, and manufacturers;

1

The provisions of The Second Class Township Code, Article XV, as codified at 53 P.S. § 66527, which empowers the Board of Supervisors of Blaine Township to adopt ordinances to secure the safety of persons or property within the township; and

The provisions of The Second Class Township Code, Article XV, as codified at 53 P.S. § 66529, which empowers the Board of Supervisors of Blaine Township to prohibit nuisances on private and public property and the carrying on of any offensive manufacture or business.

**Section Three:** **Purpose.** The purpose of this Ordinance is to protect the health, safety, and welfare of Blaine Township residents by ensuring that the Township is informed about the nature of business being conducted by corporations within the municipality; and to guarantee that corporations doing business or planning to do business within Blaine Township are aware of all applicable taxes and do not have a history of consistent violations of law, and that corporations' Principal Owners do not have a history of violating the law. The purpose of this Ordinance is also provide for the security and protection of the health, safety, and welfare of Blaine Township residents by ensuring that the Directors or Officers of corporations doing business or planning to do business in Blaine Township do not serve as Officers or Directors for other corporations that have a history of violating the law. The Township Board of Supervisors finds it necessary to adopt this Ordinance because it finds that it cannot adequately enforce its existing Ordinances – or adopt future Ordinances – without knowing the activities being undertaken by corporations within its jurisdiction. In addition, the Township Board of Supervisors finds it necessary to adopt this Ordinance because it finds that corporations – and those managing corporations – which possess a consistent history of violating the law, pose a threat to the health, safety, and welfare of the residents of the Township.

**Section Four:** **Definitions.** Unless otherwise expressly stated, the following words and phrases in this chapter shall have the following meaning:

**APPLICANT CORPORATION:** The Corporation that is already doing business within the borders of Blaine Township or the corporation that plans to do business within the borders of Blaine Township.

**COMPLIANCE HISTORY:** A record compiled by a corporation that lists each violation committed by the corporation in the prior twenty years to the request made by Blaine Township Supervisors for the history. The History shall include all violations committed by the Applicant Corporation; a listing of the current Officers and Directors of the Applicant Corporation, and a compliance history for other corporations in which the Officer or Director of the Applicant Corporation is either an Officer or Director. Such Compliance History shall also list any Parent Corporation or Subsidiary Corporations. A Principal Owner Compliance History shall list other corporations in which the Principal Owner of the Applicant Corporation is a Principal Owner, and a compliance history for each of these corporations. This Ordinance specifically outlines the contents of the Compliance History, and is incorporated herein into this definition.

2

**CORPORATION:** Any corporation organized under the laws of any state of the United States or under the laws of any country. The term shall also include any limited partnership, limited liability partnership, business trust, or limited liability company organized under the laws of any state of the United States or under the laws of any country, and any other business entity that possesses State-conferred limited liability attributes for its owners, directors, officers, and/or managers. The term shall also include any business entity in which one or more owners or partners is a corporation or other entity in which owners, directors, officers and/or managers possess limited liability attributes.

**DOING BUSINESS:** Any corporation does business within the Township if it owns or operates a facility within the Township (or plans to own or operate a facility within the Township), or has physical residence within the boundaries of the Township (or plans to have a physical residence within the Township), or engages in profit making activity within the boundaries of the Township (or plans to engage in profit-making activity within the Township). An application for a permit or license from the Township shall constitute doing business within the definition of this term, and an application for a permit or license from any agency of the Commonwealth of Pennsylvania or any agency of the federal government for activities within the Township shall constitute doing business within the Township. Doing business within Blaine Township shall require the payment of an annual license fee from Blaine Township, which shall be set by a separate resolution.

**HISTORY OF CONSISTENT VIOLATIONS:** Three or more violations committed over the prior twenty year period to the request by the Blaine Township Supervisors for the submission of the Compliance history.

**ORDINANCE:** "The Blaine Township Corporate Disclosure and Environmental Protection Ordinance".

**PARENT CORPORATION:** A corporation that owns over 50% of the Applicant Corporation.

**PRINCIPAL OWNER:** An individual that owns over 50% of the Applicant Corporation.

**REASON TO BELIEVE:** The Blaine Township Supervisors shall have reason to believe that a corporation has a history of consistent violations if a Township resident submits agency or government verified documents that prove that the Applicant Corporation or a Parent Corporation, or a corporation that shares Officers or Directors with the Applicant Corporation, or other corporations in which the Principal owner of the Applicant Corporation is a Principal Owner, has a history of consistent violations.

**SUBSIDIARY CORPORATION:** A corporation with over 50% ownership held by the Applicant Corporation.

**SUPERVISORS:** The Blaine Township Supervisors.

**TOWNSHIP:** Blaine Township.

3

**VIOLATION:** Includes notices of violation issued by the Department of Environmental Protection or any other Pennsylvania state agency, or any other state or federal regulatory agency; criminal convictions against the corporation brought by state, federal, or local governments and agencies; and imposition of fines and penalties by any agency of local, state, or federal government. This term shall include all violations discovered by County Conservation District personnel or by personnel employed or appointed by any local government. This term shall also be defined to include consent orders, consent agreements, and settlement agreements. Issuance of a notice of violation (NOV) shall constitute a violation, regardless of any remedy or action taken to resolve the violation.

**Section Five:** **Statement of Law.** All corporations doing business within the Township of Blaine shall submit to the Blaine Township Supervisors a disclosure application form a minimum of sixty (60) days prior to commencement of any activity, or if activity has commenced prior to the adoption of this Ordinance, within (60) days of the adoption of this Ordinance.

**Section 5.1:** **Disclosure Statement.** The disclosure form submitted to the Blaine Township Supervisors shall include details that describe the nature and extent of the business pursued, or to be pursued, within the municipality by that corporation, with such particularity to enable the Supervisors and residents of Blaine Township to understand the effect and impact of that business. A separate disclosure form shall be used for each location within the Township in which the corporation plans to do business, or is currently doing business. The form shall include a statement detailing which State Routes and Township roads will be used for that business and the impact upon those roads. The form shall also include the anticipated hours of operation for the location and the use of roads within the Township. The form shall include whether or not subcontractors are being used at the location and shall identify those subcontractors. Subcontractors shall also be required to complete a disclosure statement and disclose to Blaine Township the details of their proposed activities. It shall be the responsibility of the corporation doing business within the Township to ensure compliance by its subcontractors. Use of undisclosed subcontractors shall constitute a violation of this Ordinance.

**Section 5.2:** **Corporate Documents.** The articles of incorporation and bylaws of the corporation shall be submitted as attachments to the disclosure form supplied by the municipality. Proposed activities at locations covered by the disclosure statement shall be prohibited until an application is submitted, taxes or fees paid and the disclosure form accepted as complete by the Board of Supervisors of Blaine Township. Incomplete applications or submittals that do not meet the requirements as detailed by this Ordinance shall not be approved and the acceptance of the disclosure statement shall be delayed until the Board of Supervisors of Blaine meet again at a regularly scheduled Township meeting. The requirements of this Ordinance and submission of a disclosure statement shall not replace or bypass compliance with the Blaine Township Building Code, Blaine Township's Zoning Ordinance and/or Blaine Township's Subdivision and land development Ordinances.

**Section Six: Statement of Law.** No Corporation shall be allowed to do business within the Township if it has a history of consistent violations or if its Parent Corporation or a Subsidiary Corporation has a history of consistent violations of the law. In addition, this Ordinance prohibits any corporation from doing business within the Township if a Director or Officer of the Applicant Corporation is a Director or Officer of another corporation that has a history of consistent violations of the law.

**Section Seven: Statement of Law.** No Corporation shall be allowed to do business within the Township if a Principal Owner of the Applicant Corporation is also the Principal Owner of other corporations that cumulatively possess a history of consistent violations of the law.

**Section Eight: Submission of Records.** If the Supervisors have reason to believe that a corporation currently doing business within the Township has a history of consistent violations, or that a Director or Officer of that corporation is a Director or Officer in another corporation that has a history of consistent violations, or that a Parent Corporation or Subsidiary Corporation has a history of consistent violations, the Supervisors shall request that the entity submit a compliance history and/or compliance histories to the Supervisors within thirty (30) days of the written request.

**Section Nine: Submission of Records.** If the Supervisors have reason to believe that a corporation planning to do business within the Township has a history of consistent violations, or that a Director or Officer of that corporation is a Director or Officer in another corporation that has a history of consistent violations, or that the Parent Corporation or Subsidiary Corporation has a history of consistent violations, the Supervisors shall request that the entity submit a compliance history and/or compliance histories to the Supervisors within thirty (30) days of the written request.

**Section Ten: Submission of Records.** If the Supervisors have reason to believe that the Principal Owner of an Applicant Corporation is also the Principal Owner of corporations that cumulatively possess a history of consistent violations, the Supervisors shall request that the Principal Owner submit a compliance history for those corporations within thirty (30) days of the written request.

**Section Eleven: Compliance History.** The compliance history shall consist of a listing of the following:

**1. Corporate Compliance History:** The Applicant Corporation shall provide the Township with a listing of its Officers and Directors, and a listing of any violations that the corporation has committed over the past twenty years. In addition, the corporation shall list other corporations upon which the Applicant Corporation's Officers and Directors serve, and a complete compliance history for each of those corporations. In addition, such Compliance History shall also contain a Compliance History for any Parent Corporation or Subsidiary Corporation.

The Corporate Compliance History shall be provided to the Township in the following form:

5

1. Name of the Applicant Corporation;
2. Current Directors and Officers of the Applicant Corporation;
3. Violations committed by the Applicant Corporation in the last twenty years;
4. A listing of other corporations in which the Directors and Officers of the Applicant Corporation serve as Directors or Officers;
5. A Compliance History for each of the corporations listed in response to (4);
6. An identification of any Parent Corporation and Subsidiary Corporations and a Compliance History for the Parent Corporation and Subsidiary Corporations.

**2. Principal Owner Compliance History:** If the Township has reason to believe that a Principal Owner of a corporation possesses a consistent history of violations under this Ordinance, then a Principal Owner Compliance History shall be provided to the Township in the following form:

1. Name of the Applicant Corporation;
2. Name of the Principal Owner;
3. A listing of other corporations in which the Principal Owner of the Applicant Corporation is a Principal Owner;
4. A Corporate Compliance History for each of the corporations listed in (3).

The Corporate Compliance History and the Principal Owner Compliance History shall be provided to the Township within thirty (30) days of the written request submitted by the Township Supervisors.

**Section Twelve: Powers of the Township Supervisors.** The Township Supervisors shall have the authority, under this Ordinance, to prohibit a corporation from doing business in the Township that has a history of consistent violations. The Township Supervisors shall also have the authority to prohibit a corporation from doing business in the Township if the Current Directors or Officers in the Applicant Corporation serve in other corporations that have a history of consistent violations. The Township Supervisors shall also have the authority to prohibit a corporation from doing business in the Township if the Parent Corporation or Subsidiary Corporations of the Applicant Corporation have a history of consistent violations.

**Section Thirteen: Powers of the Township.** The Township Supervisors shall have the authority to prohibit an Applicant Corporation, a Parent Corporation, Subsidiary Corporations, or Principal Owners from doing business within the Township if the entity submits false or misleading information in any documents submitted to the Township under this Ordinance, or if the entity fails to comply with the provisions of this Ordinance.

**Section Fourteen: Powers of the Township.** The Township Supervisors shall have the authority to prohibit an Applicant Corporation from doing business within the Township if the Principal Owner of the Applicant Corporation is a Principal Owner of other corporations that cumulatively possess a history of consistent violations.

**Section Fifteen: Powers of the Township Supervisors.** The Township Supervisors shall have all the powers necessary to make this Ordinance effective.

**Section Sixteen: Enforcement.**

**Section 16.1:** Blaine Township shall enforce this Ordinance by an action brought before a district justice in the same manner provided for the enforcement of summary offenses under the Pennsylvania Rules of Criminal Procedure. (*See* 53 P.S. § 66601(c.1)(2).)

**Section 16.2:** Any person, corporation, or other entity that violates any provision of this Ordinance shall be guilty of a summary offense and, upon conviction thereof by a district justice, shall be sentenced to pay a fine of $750 for first-time violations, $1000 for second-time violations, and $1000 for each subsequent violation, and shall be imprisoned to the extent allowed by law for the punishment of summary offenses. (*See* 53 P.S. § 66601(c.1)(2).)

**Section 16.3:** A separate offense shall arise for each day or portion thereof in which a violation occurs and for each section of this Ordinance that is found to be violated. (*See* 53 P.S. § 66601(c.1)(5).)

**Section 16.4:** Blaine Township may also enforce this Ordinance through an action in equity brought in the Court of Common Pleas of Washington County. (*See* 53 P.S. § 66601 (c.1)(4).) In such an action, Blaine Township shall be entitled to recover all costs of litigation, including, without limitation, expert and attorney's fees.

**Section 16.5:** All monies collected for violation of this Ordinance shall be paid to the Treasurer of Blaine Township.

**Section 16.6:** Any person, corporation, or other entity that violates, or is convicted of violating this Ordinance, two or more times shall be permanently prohibited from doing business within the Township of Blaine. This prohibition applies to that person's, corporation's, or other entity's parent, sister, and successor companies, subsidiaries, and alter egos; and to any person, corporation, or other entity substantially owned or controlled by the person, corporation, or other entity (including its officers, directors, or owners) that twice violates this Ordinance, and to any person, corporation, or other entity that substantially owns or controls the person, corporation, or other entity that twice violates this Ordinance.

**Section Seventeen: Right to Self-Government.** The foundation for the making and adoption of this law is the people's fundamental and inalienable right to govern themselves, and thereby secure our rights to life, liberty, property, and pursuit of happiness. Any attempts to use county, state, or federal levels of government – judicial, legislative, or executive – to preempt, amend, alter, or overturn this Ordinance or parts of this Ordinance, or to intimidate the people of Blaine Township or their elected officials, shall require the Board of Supervisors of Blaine Township to hold public meetings that explore the adoption of other measures that expand local control and the ability of residents to protect their fundamental and inalienable right to self-government. Such consideration may include actions to separate the municipality from the other levels of government used to preempt,

7

amend, alter, or overturn the provisions of this Ordinance or other levels of government used to intimidate the people of Blaine Township or their elected officials.

**Section Eighteen: Severability.** The provisions of this Ordinance are severable. If any court of competent jurisdiction decides that any section, clause, sentence, part, or provision of this Ordinance is illegal, invalid, or unconstitutional, such decision shall not affect, impair, or invalidate any of the remaining sections, clauses, sentences, parts, or provisions of the Ordinance. The Board of Supervisors of Blaine Township hereby declares that in the event of such a decision, and the determination that the court's ruling is legitimate, it would have enacted this Ordinance even without the section, clause, sentence, part, or provision that the court decides is illegal, invalid, or unconstitutional.

10/29/2008 09:36 7249483162 BLAINETWP PAGE 09/10

**ENACTED AND ORDAINED INTO LAW** this 21 day of April, 2008, by the Board of Supervisors of Blaine Township, Washington County.

**TOWNSHIP OF BLAINE**
**BOARD OF SUPERVISORS**

BY: _____
Scott Weiss, Chairman

BY: _____
Darlene Dutton, Vice Chairman

ATTEST:

BY: _____
James McElhaney, Supervisor

BY: _____
Lisa Stasiowski, Secretary/Treasurer

(SEAL)