# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANGE RESOURCES - APPALACHIA, LLC | : : : : : | CIVIL ACTION NO. 09-355<br>DONETTA W. AMBROSE<br>United States District Judge |
| Plaintiff, | : : | |
| v. | : : | |
| BLAINE TOWNSHIP, | : : | |
| Defendant. | : | |

## Motion to Dismiss

### Lack of Subject Matter Jurisdiction (Fed. R.Civ.Pro. 12(b)(1)) and
### Failure to State a Claim for Which Relief Can be Granted (Fed R.Civ. Pro. 12(b)(6))

Pursuant to F.R.C.P. 12(b), Defendant Blaine Township moves to dismiss the Complaint in the above-captioned case on the grounds that (a) this Court lacks subject matter jurisdiction because the Plaintiff lacks standing, and (b) the Plaintiff fails to state a claim for which relief can be granted.

1. Plaintiff Range Resources-Appalachia, LLC filed this action on March 24, 2009 to this Court's federal question jurisdiction, citing a variety of alleged violations of the constitutional rights of the Plaintiff company caused by the adoption and enforcement of two Ordinances by Blaine Township.

2. Prior to the filing of this action, in 2006, Defendant Blaine Township enacted an Ordinance titled the "Blaine Township Self-Government and Local Control Ordinance" [hereinafter the **"Corporate Rights Ordinance"**]. That Ordinance was re-adopted with

1

amendments on July 21, 2008, as Ordinance No. 007-2008. The Ordinance establishes that corporations operating within Blaine Township do not possess certain legal and constitutional powers.

3. Prior to the filing of this action, on April 21, 2008, Defendant Blaine Township adopted an Ordinance titled the "Blaine Township Corporate Disclosure and Environmental Protection Ordinance" (Ordinance No. 002-2008) [hereinafter the **"Corporate Disclosure Ordinance."**]. The Ordinance requires corporations operating within Blaine Township to disclose the extent of their activities within the Township, and prohibits corporations with a prior history of noncompliance with the law from operating within the Township.

4. Section 5 of the Corporate Rights Ordinance says, "Within Blaine Township, corporations shall not be 'persons' under the United States or Pennsylvania Constitutions, or under the laws of the United States, Pennsylvania, or Blaine Township, and so shall not have the rights of persons under those constitutions and laws. In addition, within the Township of Blaine, no corporation shall be afforded the privileges, powers, and protections of the Contracts Clause or Commerce Clause of the United States Constitution, or of similar provisions from the Pennsylvania Constitutions."

5. The Plaintiff, a limited liability company, qualifies as a corporation as that term is defined within the two Ordinances that are the subject of this action.

6. The effect of the Corporate Rights Ordinance is that within Blaine Township, Range Resources-Appalachia, LLC is not a "person" under the constitutions and laws of the United States, Pennsylvania, and Blaine Township, nor does it possess the rights of "persons" under such constitutions and laws, nor can it avail itself of the privileges,

powers, or protections afforded by the Contracts Clause or the Commerce Clause of the U.S. Constitution or by similar provisions of the Pennsylvania Constitution.

7. Every Count in the Complaint is predicated upon alleged injuries to constitutional rights and powers that the Plaintiff lacks within Blaine Township.

8. Count I purports to state a claim under the United States' Constitution's Fourteenth Amendment, alleging that Blaine Township's Corporate Disclosure Ordinance violates the Plaintiff's rights under the Equal Protection Clause of that Amendment, but the law in Blaine Township is that the Plaintiff is not a person under the Fourteenth Amendment and so the Plaintiff has no rights under the Fourteenth Amendment to assert against Blaine Township.

9. Count II purports to state a claim under the United States' Constitution's Fourteenth Amendment, alleging that Blaine Township's Corporate Rights Ordinance violates the Plaintiff's rights under the Equal Protection Clause of that Amendment, but the law in Blaine Township is that the Plaintiff is not a person under the Fourteenth Amendment and so the Plaintiff has no rights under the Fourteenth Amendment to assert against Blaine Township. Federal jurisprudence cannot be wielded to nullify the Corporate Rights Ordinance because the bestowal of constitutional rights upon corporations violates the right of the people of Blaine Township to community self-government, and is therefore a power beyond the authority of any government to grant.

10. Count III purports to state a claim under the United States' Constitution's Commerce Clause, alleging that Blaine Township's Corporate Disclosure Ordinance violates the Plaintiff's rights under the Commerce Clause of the United States Constitution, but the

law in Blaine Township is that the Plaintiff is not afforded the privileges, powers, or protections of the Commerce Clause.

11. Count IV purports to state a claim under the Due Process Clause of the Fourteenth Amendment, alleging that Blaine Township's Corporate Rights Ordinance violates the Plaintiff's substantive due process rights, but the law in Blaine Township is that the Plaintiff is not a person under the Fourteenth Amendment to the U.S. Constitution and so the Plaintiff has no rights under the Fourteenth Amendment to assert against Blaine Township. Federal jurisprudence cannot be wielded to nullify the Corporate Rights Ordinance because the bestowal of constitutional rights upon corporations violates the right of the people of Blaine Township to community self-government, and is therefore a power beyond the authority of any government to grant.

12. Count V purports to state a claim that the Temporary Fee Resolution adopted by Blaine Township to implement the Corporate Disclosure Ordinance is unconstitutionally overbroad and vague, alleging that Blaine Township's Resolution violates the Plaintiff's substantive due process rights under the Fourteenth Amendment to the U.S. Constitution, but the law in Blaine Township is that the Plaintiff is not a person under the Fourteenth Amendment and so it has no rights thereunder to assert against Blaine Township.

13. Count VI purports to state a claim that the fees required under the Temporary Fee Resolution amount to an unlawful tax, but since the Plaintiff lacks any cognizable legal injury which can be asserted in this case, the claim must be dismissed.

14. Count VII purports to state a claim that the fees required under the Disclosure Ordinance constitute an unlawful tax, but since the Plaintiff lacks any cognizable legal injury which can be asserted in this case, the claim must be dismissed.

15. Count VIII and Count IX purport to state a claim that the Corporate Disclosure Ordinance is preempted by State law, but since the Plaintiff lacks any cognizable legal injury which can be asserted in this case, the claim must be dismissed.

16. Count X purports to state a claim that the adoption of the Corporate Disclosure Ordinance is an impermissible exercise of police power, but since the Plaintiff lacks any cognizable legal injury which can be asserted in this case, the claim must be dismissed.

17. Count XI purports to state a claim that the adoption of the Corporate Rights Ordinance is an impermissible exercise of police power, but since the Plaintiff lacks any cognizable legal injury which can be asserted, the claim must be dismissed.

18. Because the Plaintiff lacks the constitutional and legal rights that are necessary predicates to all of the Plaintiff's claims, the plaintiff lacks standing to bring this action and has failed to state claims for which relief can be granted by this court.

19. Existing state and federal jurisprudence recognizing that corporations possess constitutional rights cannot preempt the enforcement of the Blaine Township Ordinances because such state and federal jurisprudence results in the denial of the right of the people of Blaine Township to be self-governing, which is a fundamental and inalienable right.

20. State and federal courts and legislatures acted beyond their authority when they bestowed constitutional rights upon business corporations, and they continue to act beyond their authority when they recognize those rights under law.

21. Hence, pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), this Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

Respectfully submitted,

**/s Thomas Alan Linzey**
Thomas A. Linzey, Esq. (Id. No. 76069)
Community Environmental Legal Defense Fund
675 Mower Road
Chambersburg, Pennsylvania 17202
(717) 709-0457 (v)
(717) 709-0263 (f)
tal@pa.net

*Dated this 14th Day of April, 2009.*