IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RANGE RESOURCES - APPALACHIA, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Civil Action No. 09-355 |
| BLAINE TOWNSHIP, | ) |
| Defendant. | ) |
| AMBROSE, Chief District Judge | ) |

**OPINION AND
ORDER OF THE COURT**

**Synopsis**

Plaintiff Range Resources - Appalachia, LLC ("Range") commenced this action seeking injunctive and declaratory relief, as well as damages, against Defendant Blaine Township (the "Township") on the grounds that certain ordinances and a resolution passed by the Township purporting to strip Plaintiff of its constitutional rights and assessing fees against Range for its activities within the Township are unconstitutional. The Township has moved to dismiss the Complaint, arguing that Plaintiff lacks standing to maintain this action and fails to state a claim upon which relief may be granted. I previously addressed these ordinances and Defendant's arguments relating thereto, in <u>Penn Ridge Coal, LLC v. Allegheny Pittsburgh Coal Co.</u>, Civ. Action No. 08-1452, where I denied Defendant's motion to dismiss. Because the Township's legal argument herein is exactly the same, I again deny Defendant's motion to dismiss.

1

I. **Applicable Standards**

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). "The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim." Williams v. Sebek, 2007 WL 790386, at *1 (W.D. Pa. Mar. 14, 2007) (citing Neitzke v. Williams, 490 U.S. 319 (1989)). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

II. **Factual Allegations**

   A. **The Plaintiff**

Plaintiff Range is a Delaware limited liability company, registered to do business within the Commonwealth of Pennsylvania, and with a place of business at 380 Southpoint Boulevard, Canonsburg, Pennsylvania. (Complaint [Docket No. 1], at ¶ 1.) Range is the owner of oil and natural gas leasehold interests located in the Township, and has a legal property interest in over 2,500 acres of property within the Township. (Id. at ¶ 6.) Range has applied for and been granted permits from the Pennsylvania Department of Environmental Protection to develop Range's natural gas leases within the Township. (Id. at ¶ 7.)

Specifically, Range is planning to develop the Marcellus Shale region, which is a shale strata located at vertical depths from 6,000 to 7,000 feet. (Id. at ¶ 51.) Development of the Marcellus Shale region is accomplished through the drilling of "deep wells," at an approximate cost of four million dollars. (Id. at ¶ 52.) The drilling will take approximately thirty days and

will involve anywhere from twenty to thirty subcontractors.  (Id. at ¶ 53.)

   **B. The Township Ordinances**

The Township is a second class township located in Washington County, Pennsylvania. (Id. at ¶ 3.)  On July 21, 2008, the Township adopted Ordinance O-007-2008 (the "Corporate Rights Ordinance") bearing the title "An Ordinance by the Second Class Township of Blaine Township, Washington County, Pennsylvania, Eliminating Legal Powers and Privileges from Corporations Doing Business Within Blaine Township to Vindicate the Right to Democratic Self-Governance."  (Id. at ¶ 26.)  A copy of the Corporate Rights Ordinance is annexed to the Complaint as Exhibit 4.

The Corporate Rights Ordinance provides, in relevant part:

> **Section 3**.  Findings and General Purpose.  The Blaine Township Board of Supervisors recognizes that:
>
> (1) A corporation is a legal fiction created and operated by the express permission of the people of Blaine Township as citizens of the Commonwealth of Pennsylvania;
>
> (2) Interpretation of the U.S. Constitution by unelected Supreme Court justices to include corporations in the term "persons" has long denied the peoples' exercise of rights by endowing corporations with constitutional privileges intended solely to protect the citizens of the United States or natural persons within its borders.  Enforcement of those corporate "rights" by courts and governments has long wrought havoc on the peoples' democratic process;
>
> (3) Interpretation of the U.S. Constitution by Supreme Court justices to afford corporations the protections of the Commerce Clause (Article I, § 8 of the Constitution of the United States) and the Contracts Clause (Article I, § 10 of the Constitution of the United States) has prevented communities and governments from securing the health, safety, welfare, and rights of citizens and natural persons; . . . .
>
> **Section 4**.  Specific Purpose.  The specific purpose of this Ordinance is to guarantee to the residents of Blaine Township their right to a republican form of

governance by refusing to recognize the purported constitutional rights of corporations. By doing so, the Board of Supervisors seeks to remedy current and future harms that corporations have caused - and will continue to cause - to the people of Blaine Township by the exercise of such "rights."

**Section 6**. Statement of Law. Within Blaine Township, corporations shall not be "persons" under the United States or Pennsylvania Constitutions, or under the laws of the United States, Pennsylvania, or Blaine Township, and so shall not have the rights of persons under those constitutions and laws. In addition, within the Township of Blaine, no corporation shall be afforded the privileges, powers, and protections of the Contracts Clause or Commerce Clause of the United States Constitution, or of similar provisions from the Pennsylvania Constitution.

**Section 7**. People's Right to Self-Governance and Right of Separation. The foundation for the making and adoption of this law is the people's fundamental and inalienable right to govern themselves, and thereby secure our rights to life, liberty, property, and pursuit of happiness. Any attempts to use county, state, or federal levels of government - judicial, legislative, or executive - to preempt, amend, alter, or overturn this Ordinance or parts of this Ordinance, or to intimidate the people of Blaine Township or their elected officials, shall require the Board of Supervisors of Blaine Township to hold public meetings that explore the adoption of other measures that expand local control and the ability of residents to protect their fundamental and inalienable right to self-government. Such consideration may include actions to separate the municipality from the other levels of government used to preempt, amend, alter, or overturn the provisions of this Ordinance or other levels of government used to intimidate the people of Blaine Township or their elected officials.

On April 21, 2008, the Township passed Ordinance O-002-2008, entitled "Blaine Township Corporate Disclosure and Environmental Protection Ordinance" (the "Corporate Disclosure Ordinance"). A copy of the Corporate Disclosure Ordinance is annexed to the Complaint as Exhibit 1. The Corporate Disclosure Ordinance requires corporations doing business in the Township to submit an extensive disclosure form to the Township either prior to commencing business, or if already doing business within the Township, within sixty (60) days of adoption of the Corporate Disclosure Ordinance. (Docket No. 1, Ex. 1, at § 5.) The disclosure obligations include, but are not limited to:

- "details that describe the nature and extent of the business pursued, or to be pursued. . .with such particularity to enable the Supervisors and residents of Blaine Township to understand the effect and impact of the business";

- "a statement detailing which State Routes and Township roads will be used for that business and the impact upon those roads";

- a statement of "the anticipated hours of operation for the location and for the use of roads within the Township";

- a statement as to "whether or not subcontractors are being used at the location and shall identify those subcontractors"; and

- a copy of the articles of incorporation and bylaws of the corporation.

(Docket No. 1, at ¶ 16.) All subcontractors must also file their own disclosure statement. (Id. at ¶ 17.)

In addition to these disclosures, the Corporate Disclosure Ordinance prohibits a corporation from doing business in the Township if it "has a history of consistent violations of the law." (Id. at ¶ 18.) The corporation is also barred from doing business if any of its officers, directors or principal owners are also directors, officers or owners of any other corporation which has a history of consistent violations of the law. (Id.) "History of consistent violations of the law" is defined as "[t]hree or more violations committed over the prior twenty year period." (Id. at ¶ 22.) "Violation" is broadly defined to include "notices of violation issued by the Department of Environmental Protection or any other Pennsylvania state agency, or any other state or federal regulatory agency; criminal convictions against the corporation brought by state, federal, or local governments and agencies; and imposition of fines and penalties by any agency of local, state or federal government." (Id.) The term also includes all violations discovered by County Conservation District personnel, or personnel employed or appointed by any local government,

5

consent orders, consent agreements, settlement agreements, and issuance of notices of violation, regardless of any remedy or action taken to resolve the notice. (Id.)

If the Township has "reason to believe" that a corporation or any of its officers, directors or principal owners has such a history of consistent violations, then the corporation will be required to submit a compliance history detailing any violations over the prior twenty years, as well as a compliance history for corporations affiliated with the officers, directors or principal owners. (Id. at ¶ 23.) Any corporation that violates or is convicted of violating the Corporate Disclosure Ordinance two or more times shall be permanently prohibited from doing business in the Township, along with the corporation's parent, sister, successors, subsidiaries, alter egos, and all other corporations substantially owned or controlled by that corporation. (Id. at ¶¶ 26-29.) The Corporate Disclosure Ordinance concludes with the provision that

> [a]ny attempt to use county, state or federal levels of government - judicial, legislative, or executive - to preempt, amend, alter or overturn this Ordinance or parts of this Ordinance, or to intimidate the people of Blaine Township or their elected officials, shall require the Board of Supervisors of Blaine Township to hold public meetings that explore the adoption of other measures that expand local control and the ability of residents to protect their fundamental and inalienable right to self-government. Such considerations may include actions to separate the municipality from the other levels of government used to preempt, amend, alter or overturn the provisions of this Ordinance or other levels of government used to intimidate the people of Blaine Township or their elected officials.

(Id. at ¶30) (Emphasis omitted).

**C. Temporary Structure Fee Resolution**

On March 17, 2008, the Township passed Resolution R-001-2008, entitled "A Resolution of the Blaine Township Board of Supervisors to Enact a $300.00 Permit Fee for Each Temporary Structure, Storage or Office Trailer Used at All Work Sites," (the "Temporary Structure Fee

Resolution" or the "Resolution"). (Docket No. 1, at ¶¶ 36-37.) A copy of the Temporary Structure Fee Resolution is annexed to the Complaint as Exhibit 3. The Resolution states that "[t]emporary structures and trailers used in conjunction with construction work may be permitted only during the period that the construction work is in progress." (Docket No. 1, at ¶ 38.) It requires that "[e]ach structure shall have its own permit" and that "[n]o permit shall be valid over six months." (Id. at ¶ 39.) The fee for each permit is $300.00. (Id. at ¶ 40.) The Temporary Structure Fee Resolution does not define the words "temporary," "structure," "trailer," or "construction work." (Id. at ¶ 41.)

**D. Enforcement History**

On June 17, 2008 and June 27, 2008, the Township issued twenty-two (22) citations to Range for violations of the Temporary Structure Fee Resolution, alleging that Range had twenty-two "temporary structures" located on its three-acre drilling site. (Id. at ¶ 60.) A copy of the citations is annexed to the Complaint as Exhibit 5. Of the twenty-two structures, eighteen consisted of water tanks. (Id. at ¶ 61.) According to the Township, Range was required to pay a $300 fee for each of the "structures," totaling $6,600.00. (Id. at ¶ 62.)

According to Range's brief in opposition to this motion, Range was found guilty of the violations under the Temporary Structure Fee Resolution by District Magistrate Jay H. Dutton on October 8, 2008. Range appealed the order to the Washington County Court of Common Pleas. At the hearing before Judge Paul Pozonsky, Range argued that the Township had improperly issued the criminal citations in violation of the procedure required by the Pennsylvania Municipalities Planning Code, 53 P.S. § 10616.1. By order dated March 24, 2009, Judge Pozonsky found Range not guilty of all violations under the Resolution on the grounds that the

7

Township has not "followed the statutory requirements regarding the enforcement of the alleged zoning violations." (Pl. Opp. Br. at 7.)

On August 1, 2008, the Township issued two citations to Range for alleged violations of the Corporate Disclosure Ordinance. (Docket No. 1, at ¶ 63.) A copy of the citations is annexed to the Complaint as Exhibit 6. The citations seek payment of $1,400.00 for an alleged failure to comply with the Corporate Disclosure Ordinance with respect to two different drilling sites within the Township. (Id. at ¶¶ 64-65.) According to Plaintiff's brief, Range was found guilty of these violations on October 8, 2008 by District Magistrate Dutton. By order dated February 26, 2009, the Washington County Court of Common Pleas issued a general continuance of Range's appeal pending the outcome of this litigation. (Pl. Opp. Br. at 7, n.2.)

Plaintiff asserts in eleven separate claims that: the Corporate Rights Ordinance violates the Equal Protection Clause of the U.S. Constitution, substantive due process and constitutes an impermissible exercise of police power; the Corporate Rights Ordinance violates the Equal Protection Clause, the Commerce Clause, constitutes an improper tax and an impermissible exercise of police power, and is preempted by state law; and the Temporary Structure Fee Resolution is unconstitutionally vague and overbroad and constitutes an improper tax. Plaintiff seeks declaratory relief on all counts.

## III. Defendant's Motion To Dismiss

The Township has moved to dismiss the Complaint on the ground that, since the Township has passed laws establishing that corporations do not have constitutional rights, Plaintiffs lack standing to maintain the action. (Def. Mem. at 5.) The Township further argues that corporate rights are illegitimate and void. (Id.) As I previously stated, I have addressed

8

these very arguments in my opinion in Penn Ridge Coal, LLC v. Allegheny Pittsburgh Coal Co., Civ. Action No. 08-1452, wherein I denied the Township's motion to dismiss. For the same reasons, set forth below, I again deny the Township's motion to dismiss herein.

Article 6, Clause 2, of the United States Constitution, referred to as the "Supremacy Clause," provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

Constitution, Art. 6, Cl. 2. In Cooper v. Aaron, 358 U.S. 1 (1958), the Supreme Court reiterated the previously established principle that:

> It is emphatically the province and duty of the judicial department to say what the law is. [This Court's decision in Marbury v. Madison, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)] declared the basic principle that the federal judiciary is supreme in the exposition of the law of Constitution, and that principle has ever since been respected by this Court and the Country as a permanent and indispensable feature of our constitutional system.

358 U.S. at 18. The Supreme Court further explained that "[i]f the legislatures of several states may, at will, annul the judgments of the courts of the United States, and destroy the rights acquired under those judgments, the constitution itself becomes a solemn mockery." Id. (quoting United States v. Peters, 5 Cranch 115, 136, 3 L.Ed. 53 (1809)).

While the Township may wish it were not so, there is no dispute here on the law. The United States Supreme Court has repeatedly recognized that corporations have the right to assert the very sort of constitutional claims alleged by Range herein. Indeed, in the Township's brief supporting its motion to dismiss, the Township recognizes that "[o]ver the past 150 years, the

9

judiciary has conferred constitutional protections - once intended to protect only natural persons - upon corporations. The method by which the judiciary has conferred rights upon corporations has consisted of 'finding' corporations in the various constitutional guarantees of the Fourteenth Amendment, the Bill of Rights to the United States Constitution, and the Contracts and Commerce Clauses of the United States Constitution." (Def. Mem. at 20) (citing Santa Clara Cty. v. Southern Pacific R.R. Co., 118 U.S. 394, 396 (1886) (corporations are "persons" entitled to protections of Fourteenth Amendment); Minneapolis & St. Louis R.R. Co. v. Beckwith, 129 U.S. 26, 28 (1889) (same); First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765 (1978) (corporations entitled to First Amendment protections); Hale v. Henkel, 201 U.S. 43 (1906) (corporations entitled to Fourth Amendment protections); Fong Foo v. United States, 369 U.S. 1962 (corporations entitled to Fifth Amendment protections)); see also, Bibb v. Navajo Freight Lines, Inc., 359 U.S. 520 (1959) (corporation has standing to assert claims under the Commerce Clause to challenge state regulations); Trustees of Dartmouth College v. Woodward, 17 U.S. 518 (1819) (Contracts Clause applies to corporations).

The Corporate Rights Ordinance is directly at odds with the Supreme Court precedent set forth above. The Township does not have the legal authority to annul constitutional rights conferred upon corporations by the United States Supreme Court. Accordingly, the Township's argument with respect to Range's standing has no basis in law, and I reject it.

With respect to the Township's argument that corporate rights are illegitimate and void, "it is solely the prerogative of the Supreme Court to depart from its precedents." Armann v. FCI McKean, 549 F.3d 279, 291 (3d Cir. 2008) (citing State Oil Co. v. Kahn, 522 U.S. 3 (1997)). Indeed, even if a District Court felt that the principal rationale underlying Supreme Court

decisions were no longer valid, a district court is nevertheless bound to follow that precedent. See United States v. Extreme Assocs., Inc., 431 F.3d 150, 155 (3d Cir. 2005) (reversing decision of district court based on district court's failure to follow Supreme Court precedent), cert. denied, 547 U.S. 1143 (2006). In so stating, I do not intend to imply that I agree with the Township's arguments in any respect. I am bound by the numerous decisions of the Supreme Court, some of which I have cited above, which support Range's right to assert the claims at issue herein.

Accordingly, I deny the Township's motion to dismiss in its entirety.

## Conclusion

Based on the foregoing, Defendant's motion to dismiss is denied.

## ORDER OF COURT

Having carefully considered Defendant's motion to dismiss the Complaint [Docket Nos. 10, 11] and Plaintiff's opposition thereto [Docket No. 16], it is hereby ORDERED that Defendant's motion to dismiss is DENIED.

A case management teleconference is scheduled for June 29, 2009 at 9:15 a.m. Plaintiff shall initiate the call.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge